IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| WAYNE A. HUSSAR, II,<br><br>Petitioner,<br><br>vs.<br><br>PATRICK MCTIGHE, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 23-60-BLG-SPW<br><br>ORDER |

This case comes before the Court on state prisoner Wayne A. Hussar's amended petition seeking habeas corpus under 28 U.S.C. § 2254. (Doc. 5.)

I. **Motion to Proceed in Forma Pauperis**

Hussar seeks leave of the Court to proceed in forma pauperis ("IFP"). (Doc. 4.) A review of his inmate account statement reveals he may not be able to afford the costs associated with this action; the motion will be granted.

II. **Background/Claims**

Hussar challenges an October 2022 decision of the Montana Board of Pardons and Parole in which his parole was revoked for violations of the conditions of his release, including absconding. (Doc. 2 at 3.)[1] Hussar will

---

[1] *See also* Montana Board of Pardons and Parole Website: https://bopp.mt.gov/Dispositions (October 2022 Dispositions)(accessed August 22, 2023).

1

reappear before the Parole Board in October of 2023. (*Id.*) Hussar was directed to participate in programming to address criminal thinking and behaviors, as well as to participate in mental health counseling and follow all recommendations including medication management. (*Id.*)

Hussar does not identify the exact constitutional violation he is asserting, but seems to argue the Board falsely believed that he absconded to Florida. (*See* Doc. 5 at 4.) He states his wife provided an affidavit that supports his claim that he was wrongfully found to have absconded and, instead, that his family moved from Florida to Billings to be with him. (*Id.* at 5.)

Hussar asks this Court to: dismiss his absconding violation; fully dismiss the time remaining on his present sentence; order $2,000/day for his pain, suffering, and lost wages; and, impose $1,000 in paralegal fees against each defendant. (*Id.* at 7.)

Hussar presented similar claims to the Montana Supreme Court via a petition for writ of habeas corpus. The Court denied his petition finding:

> Hussar has not demonstrated that the Board violated his due process rights in its decision, and any challenge about his Parole Officer's words or revocation should be directed to the Board. Section 46-23-1025, MCA. His claims concerning financial compensation are not appropriate for habeas corpus. Section 46-22-101(1), MCA. Hussar has not demonstrated he is entitled to habeas corpus relief, and thus, is not entitled to his immediate release.

*Hussar v. Bludworth*, OP 23-0269, 2023 WL 3734784, at *1 (Mont. May 30,

2023).

## III. Analysis

A federal court, in conducting habeas review, is limited to deciding whether a state court decision violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011)(per curiam). It appears Hussar attempts to advance a due process claim.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that a state shall not "deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. Amend. XIV, § 1. Thus, to state a due process violation an individual must establish the existence of a constitutionally recognized liberty interest that is protected by the Due Process Clause, and must demonstrate the procedures afforded the individual for the protection of the liberty interest were constitutionally deficient. *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). "Protected liberty interests may arise from two sources- the Due Process Clause itself and the laws of the States." *Id.* (quotation and citation omitted). *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (stating that a protected liberty interest could "arise from the Constitution itself, [...or] from an expectation or interest created by state laws or policies.").

It is well established that there exists no substantive federal right to release

3

on parole, and "the only federal right at issue" in the context of habeas claims regarding parole hearings is a procedural right. *Swarthout,* 562 U.S. at 222. With respect to parole hearings an inmate is constitutionally entitled only to an opportunity to be heard, and a statement of reasons why parole was denied. *Swarthout*, 562 U.S. at 220. Likewise, in Montana there is no state-created liberty interest in parole. *Worden v. Mont. Bd. of Pardons & Parole*, 962 P. 2d 1157, 1165 (Mont. 1998)(holding that when the Legislature amended the statute in 1989, it eliminated any liberty interest in parole); *see also* Mont. Code Ann. § 46-23-208(1) (providing the parole board *may* release a prisoner on parole when certain criteria are met). Thus, there is neither a constitutional right nor a protected liberty interest at issue in the instant case.

While Hussar disagrees with the Parole Board's decision to revoke his parole, he does not advance a claim that he was deprived of anything to which he was entitled. He appeared before the Parole Board in October of 2022. The fact that he received an outcome that was not favorable to him does not convert this matter into one of constitutional import. While it appears that Hussar attempts to argue that the denial was based solely upon an incorrect belief that he absconded, the Parole Board's recommendation that he complete additional treatment and counseling prior to his reappearance in October of 2023 undermines this assertion. Hussar received the minimal procedural protection required, that is the "beginning

and the end of federal habeas" analysis. *Swarthout*, 562 U.S. at 220. Accordingly, Hussar's petition will be denied.

### IV.     Motion for Audit

Hussar requests this Court "fully audit (all) absconding cases and Defendants affected by the Billings Probation and Parole" office. (Doc. 6.) Because Hussar has failed to establish the existence of a federal constitutional violation, this Court declines to engage in any additional evidentiary matters, including conducting a hearing. *See* Rule 8(a) of the Rules Governing Section 2254 Cases.

### V.     Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C.. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Review of Hussar's petition demonstrates that he is not entitled to relief as a

matter of law. He does not have a liberty interest in parole and the relief he seeks is precluded by *Swarthout*. There are no close questions and there is no reason to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

### ORDER

1. Hussar's amended petition (Doc. 5) is DISMISSED with prejudice.

2. The motion to proceed IFP (Doc. 4) is GRANTED.

3. The motion for audit (Doc. 6) is DENIED.

4. The Clerk of Court is directed to enter, by separate document, a judgment of dismissal.

5. A certificate of appealability is DENIED.

DATED this 22nd day of August, 2023.

Susan P. Watters
United States District Court Judge